UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALHADJI F. BAYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01122-WTL-MJD |
| | ) | |
| INDIANAPOLIS METRO POLICE | ) | |
| DEPARTMENT OFFICERS (Confidential #) | ) | |
| #160815, #110893, and #160847, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint, Directing Service of Process, and
Denying as Moot Motion for Court to Issue Service and Motion for Court Assist**

### I.     Screening Complaint

*A.     Screening Standard*

Plaintiff Alhadji F. Bayon is a pretrial detainee currently incarcerated at Marion County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. The Complaint

Mr. Bayon alleges that on the morning of December 24, 2017, while unarmed, he was shot at six times and hit by three bullets in his back, right thigh, and right arm by three Indianapolis Metro Police Department (IMPD) Officers # 160815, 110893, and 160847. He states that this incident occurred at 2167 Ransdell Street after a high speed chase that ended when Mr. Bayon hit a tree. He asserts that he was told to exit the vehicle and show identification, but when he reached for his wallet, he was shot at instead.

Mr. Bayon seeks monetary damages, compensation for his medical bills and legal fees, and his criminal charges to be dropped.

### C. Discussion of Claims

Mr. Bayon's Fourth Amendment claims against IMPD officers # 160815, 110893, and 160847 **shall proceed.**

Mr. Bayon's request for injunctive relief in the form of his criminal charges being dropped is not cognizable and is therefore **dismissed**. The federal courts are directed not to interfere in ongoing criminal prosecutions without a showing of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through July 12, 2018,** in which to identify those claims.

### D. Duty to Update Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### E. Directing Service of Process

The clerk **is designated pursuant** to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants IMPD Officers #160815, #110893, and #160847 in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The clerk is **directed to designate** on the docket defendants Indianapolis Metro Police Department Officers #160815, #110893, and #160847 as three separate defendants.

## II. Denying as Moot Motion for Court to Issue Service and Motion for Court Assist

Mr. Bayon's motion for Court to issue service, Dkt. No. 13, is **denied as moot**. Mr. Bayon's motion for Court assist, Dkt. No. 14, is similarly **denied as moot.**

## III. Summary of Claims Remaining and Actions Taken

The Court has taken or directed the following actions: (1) Mr. Bayon's Fourth Amendment claims against IMPD officers # 160815, 110893, and 160847 **shall proceed**; (2) Mr. Bayon's request for injunctive relief is **dismissed**; (3) the clerk **is designated pursuant** to Fed. R. Civ. P. 4(c)(3) to issue process to defendants IMPD Officers #160815, #110893, and #160847 in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order; (4) the clerk is **directed to designate** on the docket

defendants Indianapolis Metro Police Department Officers #160815, #110893, and #160847 as three separate defendants; (5) Mr. Bayon's motion for Court to issue service, Dkt. No. 13, is **denied as moot**; (6) Mr. Bayon's motion for Court assist, Dkt. No. 14, is **denied as moot**.

   **IT IS SO ORDERED.**

Date: 6/13/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALHADJI F. BAYON
503750
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

IMPD Officers # 160815, 110893, and 160847
Indianapolis Metro Police Department
50 N. Alabama Street
Indianapolis, IN 46204